# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:18-cv-00460-JAR |
| CHERLYNN HARRINGTON, ) | |
| LINDA MCCLENDON, ) | |
| GOODLINK, LLC D/B/A GOODLINK TAX ) | |
| SERVICES, and GOODLINK, INC. D/B/A ) | |
| GOODLINK TAX SERVICES ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

On October 3, 2018, this matter came before the Court for a hearing on an Order to Show Cause directing Defendants Cherlynn Harrington and Linda McClendon (collectively, "the individual Defendants") to show cause why sanctions should not be imposed for their willful disobedience of a Court Order. The individual Defendants, proceeding pro se, failed to appear at the hearing, and the United States appeared through counsel by telephone. For the reasons set forth below and those articulated on the record, the Court will, under its inherent authority, strike the individual Defendants' answers (Doc. Nos. 3 and 4) as a sanction for their willful disobedience of Court Orders.

## BACKGROUND

The United States filed this action on March 27, 2018, seeking to permanently enjoin Defendants Cherlynn Harrington, Linda McClendon, Goodlink, LLC d/b/a Goodlink Tax Services, and Goodlink, Inc. d/b/a Goodlink Tax Services, from, inter alia, preparing federal tax returns for others and owning, operating, or managing a tax return-preparation company. (Doc. No. 1). The United States claims that the individual Defendants began preparing tax returns in

2001 under the business name Goodlink. The United States also claims that the individual Defendants engaged in the preparation of false federal income tax returns to generate bogus refunds and charged "exorbitant" fees, thereby maximizing profits at the expense of the United States Treasury. The individual Defendants prepared over 1,300 tax returns between 2009 and 2017, the vast majority of which requested a refund.

On April 20, 2018, the individual Defendants each filed nearly identical papers titled "Complaint for Eviction." (Doc. Nos. 3 and 4). Because the individual Defendants are proceeding pro se, the Court liberally construed the filings as answers generally denying the complaint. The Court then set the case for a scheduling conference on September 5, 2018, in accordance with the Federal Rules of Civil Procedure. (Doc. No. 11). The Court expressly required the parties to appear in person or through counsel and directed the parties to submit a joint proposed scheduling plan in advance of the hearing. On August 21, 2018, the United States represented that it had sent the individual Defendants a copy of its draft proposed schedule, which they returned with handwritten notations on each page stating: "I DON'T ACCEPT THIS OFFER OF CONTRACT AND I DON'T CONSENT TO THESE PROCEEDINGS." (Doc. Nos. 12-1 and 12-2).

On August 27, 2018, the individual Defendants sent letters to the Court demanding a complete bookkeeping and accounting on the case and requesting a certification of their right of subrogation in order to "set off and settle the account." (Doc. Nos. 13 and 14). They also filed identical papers titled "Disclaimer Notice" and an affidavit questionnaire directed at counsel for the United States. (Doc. Nos. 15 and 16).

On September 5, 2018, the Court held a scheduling conference. The United States appeared through counsel, but the individual Defendants failed to appear. The Court continued

the hearing until October 3, 2018, and ordered the individual Defendants to show cause why sanctions should not be imposed against them for their failure to appear at the hearing. Plaintiffs failed to respond to the Court's Show Cause Order by the deadline, and they failed to appear at the October 5, 2018 sanctions hearing.

## DISCUSSION

Courts possess the inherent power to assess sanctions for a party's willful disobedience of a court order or when a party has acted in bad faith. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Greiner v. City of Champlin*, 152 F.3d 787, 790 (8th Cir. 1998). The Court has wide discretion to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers*, 501 U.S. at 45. Sanctions may include striking an answer, which is one of the most severe sanctions available to a Court by virtue of its inherent power. *Harlan v. Lewis*, 982 F.2d 1255, 1261 (8th Cir. 1993).

Here, the Court directed the parties to appear at the September 5, 2018 scheduling conference in person or through counsel. The individual Defendants failed to appear, in contravention of a direct Court Order. The Court then continued the hearing and directed the individual Defendants to appear on October 3, 2018. Again, the individual Defendants failed to appear.

The individual Defendants have demonstrated through their filings that they are aware of this litigation and the filings made in the case, yet they failed to appear at two hearings at which the Court required their presence. These failures constitute willful violations of the Court's Orders, and the Court will impose sanctions.

The Court considered a wide variety of sanctions available to it under its inherent authority, including monetary sanctions, attorneys' fees, and striking of pleadings. After due consideration

3

of the circumstances of this case and the conduct of the individual Defendants, the Court will strike the individual Defendants' answers as a sanction for their willful violation of this Court's orders. The Court recognizes that this is a severe sanction; however, based on their conduct in this case, it is apparent that the individual Defendants are unlikely to obey the Federal Rules of Civil Procedures or future orders of this Court. Thus, the Court concludes that striking the individual Defendants' answers is the appropriate sanction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the answers of Defendants Cherlynn Harrington and Linda McClendon (Doc. Nos. 3 and 4) are **STRICKEN**.

**IT IS FURTHER ORDERED** that the United States will file any motions for default judgment **on or before November 2, 2018.**

Dated this 4th day of October, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**